UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AL CASTELLANOS | CIVIL ACTION |
| VERSUS | NO. 07-1506 |
| VINSON, ET AL. | SECTION "R"(5) |

**ORDER**

Before the Court is the magistrate judge's order recommending that the complaint of Al Castellanos be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the following reasons, the Court AFFIRMS the magistrate judge's ruling, but does so on different grounds in light of recent factual developments.

Plaintiff was incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. While incarcerated, plaintiff sued defendants Scott Vinson, Douglas Zemlik, and Jerry Broome, Gretna police officers, alleging claims of excessive force pursuant to 42 U.S.C. § 1983. (R. Doc. 1).

On September 5, 2007, counsel for defendants forwarded to the court a photocopy of a motion to dismiss plaintiff's case with prejudice, which appears to have been signed by plaintiff

himself. (R. Doc. 18). The original of the motion was not received by the court. Accordingly, the magistrate judge ordered plaintiff to advise the court no later than September 19, 2007, whether or not he desired to dismiss the case voluntarily. (R. Doc. 17). The magistrate judge further advised plaintiff that failure to comply with the court's order would result in a recommendation that the case be dismissed. On September 24, 2007, having received no notification from the plaintiff, nor any indication that he did not receive the notice sent to him, the magistrate construed the copy of the motion to dismiss signed by plaintiff and forwarded to the court by defense counsel as a motion by plaintiff voluntarily to dismiss his case pursuant to Federal Rule of Civil Procedure 41(a)(2). (R. Doc. 19).

On September 25, 2007, record documents 17 and 19 were returned to the court as undeliverable. The returned mail indicates that plaintiff is no longer incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. Plaintiff is responsible for notifying the Court of any change of address. *See* Local Rules 41.3.1E (failure of a "pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute"); 11.1E ("[a] pro se litigant has a continuing obligation to apprise the court of any address change"). Furthermore, in his complaint, plaintiff

signed a declaration stating “I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so many result in this action being dismissed with prejudice.” (R. Doc. 1 at 5).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss a plaintiff’s claim for failure to prosecute or to comply with any order of the court. The Fifth Circuit has affirmed a Rule 41(b) dismissal where plaintiff failed to notify the court of a change of address. *Spencer v. Advanced Telemarketing Corp.*, 149 F.3d 1177 (5th Cir. 1998). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. Accordingly, plaintiff’s § 1983 claims against defendants are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 6th day of November, 2007.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE